ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 APR 17 P 2:47
CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| MARK M. ROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 312-025 |
| ) | |
| WALT WELLS, Warden CI McRae, ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the manner in which he is to be held pursuant to an immigration detainer following the completion of his sentence of confinement. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies and that Petitioner's "Motion for Expedited Treatment" (doc. no. 3) be **DENIED** as **MOOT**.[1]

I.   **BACKGROUND**

On November 15, 2005, Petitioner pleaded guilty to one count of possession with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), in the Middle District of Florida. United States v. Ross, CV 894-220, doc.

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

no. 2931 (M.D. Fla. Nov. 22, 2005) (hereinafter CR 894-220). On February 17, 2006, Petitioner was sentenced to 120 months imprisonment. Id., doc. nos. 2939, 2975. Petitioner is subject to a removal order issued on September 3, 2008, and he faces imminent removal from the United States to the United Kingdom upon the completion of his criminal sentence. (Doc. no. 1, p. 2 & App. B.)

Petitioner maintains that, under the Bureau of Prisons's ("BOP") calculation of his sentence of confinement, he is projected to satisfy his criminal sentence on May 4, 2012. (Id. at 2 & App. A.) Petitioner acknowledges that he is subject to an immigration detainer and thus, upon the completion of his sentence, he will be transferred to the custody of Immigration and Customs Enforcement ("ICE") in lieu of being released. (Id. at 3 & App. A, pp. 1, 3.) However, Petitioner asserts that the Corrections Corporation of America ("CCA"), which operates MCF, is without authority to detain him beyond his statutory release date. (Id at 2-3.) Specifically, Petitioner points to CCA's policy regarding placement of inmates to be discharged from confinement, which provides, in relevant part:

> . . . Inmates[] who will be completing/discharging their sentence[] will be placed in the Special Housing Unit on Thursday evenings within seven (7) days of their release.
>
> The contract between Corrections Corporation of America and the Bureau of Prisons does not allow unsentenced offenders (one who <u>has</u> successfully completed his BOP sentence) to be housed with sentenced offenders (one who <u>has not</u> completed his BOP sentence). Our current practice is that inmates should not be housed in the Special Housing Unit more than seven (7) days.

(Id., App. C (emphasis in original).) Petitioner concludes that under this policy, he faces the possibility of being housed in the Special Housing Unit ("SHU") at MCF for several days following his statutory date of release. (Id. at 1.) He argues, however, that there is no authority by which he can be held beyond his statutory release date, and he seeks an order

2

mandating his release on May 4, 2012. (Id.)

Petitioner asserts that on December 5, 2011, he sent an "Inmate Request" to his unit manager in which he asked whether he would be transferred to the SHU on his statutory release date; he further requested to remain in general population rather than be housed in the SHU until he can be transferred to the custody of ICE. (Id. at 4 & App. D.) After his unit manager referred him to the CCA policy referenced above, Petitioner sent another Inmate Request to an oversight representative with the BOP, again requesting that he be permitted to remain in general population instead of being placed in the SHU pending his transfer to ICE custody. (Id., App. E, p. 1.) In response, the BOP representative explained that the decision where to house inmates pending transfer to ICE custody "is strictly a CCA decision" and that Petitioner should resolve his concerns about the policy through the administrative remedy procedure outlined in Petitioner's inmate admission and orientation handbook. (Id., App. E, p. 2.) Thus, Petitioner was informed of both his ability to exhaust his administrative remedies as well as how to do so. However, Petitioner chose not to exhaust his administrative remedies and submits that he is not required to do so before filing a § 2241 petition because, contrary to the BOP representative's instruction, the "BOP does not offer administrative remedies for inmates who are detained past their release date." (Doc. no. 1, p. 3.)

## II. DISCUSSION

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with the BOP prior to seeking § 2241 relief in federal court); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.

3

1994) (*per curiam*) (noting exhaustion requirement in relation to bringing § 2241 petition); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability of exhaustion requirement to claims for computation of sentence credit awards). In this Circuit, even if an inmate claims that his release date has passed and he remains incarcerated, courts should enforce the exhaustion requirement:

> In February 1991 Gonzalez filed in the district court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserted that because his presumptive release date had passed, he need not exhaust his administrative remedies before seeking relief from the district court. Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is, however, responsible for computing that sentence and applying appropriate good time credit. U.S. v. Martinez, 837 F.2d 861, 865-66 (9th Cir. 1988). The Bureau of Prisons has established regulations that set forth the procedures that a prisoner must follow before seeking relief from a district court. U.S. v. Lucas, 898 F.2d 1554, 1556 (11th Cir. 1990).

Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*).

The Eleventh Circuit has held, unequivocally, that "[i]f, and only if, the [petitioner] has pursued his administrative remedy may he seek relief in the district court," United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991), and thus "whether [Petitioner] may even assert a futility exception to the requirement is questionable." Jaimes v. United States, 168 Fed. Appx. 356, 359 & n.4 (11th 2006) (*per curiam*).[2] Although some courts within the Eleventh Circuit have noted that under certain circumstances a § 2241 petitioner may seek judicial

---

[2]The Court recognizes that although the Eleventh Circuit has in the past suggested that exhaustion in § 2241 petitions is a jurisdictional issue, Jaimes, 168 Fed. Appx. at 358, the issue is somewhat unsettled in light of the Supreme Court's ruling in Bowles v. Russell, 551 U.S. 205, 213-14 (2007). Notably, however, the Eleventh Circuit has since rejected futility of exhaustion, Rey v. Warden, FCC Coleman-Low, 359 F. App'x 88, 90-91 (11th Cir. 2009) (*per curiam*), and reconfirmed its view that "exhaustion of administrative remedies is jurisdictional." Krist v. Eichenlaub, 386 F. App'x 920, 923 (11th Cir. 2010) (*per curiam*) (quoting Gonzalez, 959 F.2d at 212).

4

waiver of the Eleventh Circuit's exhaustion requirement by demonstrating futility, they have also concluded that "the question [of] whether the Eleventh Circuit considers the exhaustion requirement in § 2241 subject to judicial waiver is, at best, unsettled."[3] Jones v. Zenk, 495 F. Supp. 2d 1289, 1297, 1299-1300 (N.D. Ga. July 6, 2007). However, based on Eleventh Circuit precedent, Petitioner is still subject to the requirement of administrative exhaustion. Rey, 359 F. App'x at 90 (citing Skinner, 355 F.3d at 1295); Martin v. Zenk, 244 Fed. App'x 974, 977 (11th Cir. 2007) (*per curiam*) (same). In any event, those courts which apply a futility exception do so in only "extraordinary circumstances," and require the petitioner to "bear[] the burden of demonstrating the futility of administrative review." Fuller, 11 F.3d at 62; see also Jones, 495 F. Supp. 2d at 1300.

Here, Petitioner has shown neither the existence of exceptional circumstances nor the futility of administrative review. Notably, Petitioner is *not* currently being detained past his statutory release date; thus, under his own definition, administrative remedies remain available to him. In addition, Petitioner's bare assertion that administrative remedies are unavailable "for inmates who are detained past their release date" is belied by the instruction from the BOP representative that he should address his concerns regarding the SHU through the administrative remedy process. Moreover, the Eleventh Circuit has specifically rejected the argument that exhaustion is unnecessary where a petitioner's presumptive release date has passed, see Gonzalez, 959 F.2d at 212, further undermining Petitioner's assertion that

---

[3] "On the one hand, the Eleventh Circuit has recognized the statutory/judicial distinction given effect in [McCarthy v. Madigan, 503 U.S. 140 (1992)], indicating that exceptions to judicially-imposed exhaustion requirements remain viable. In several other cases, however, the Eleventh Circuit has indicated some doubt about whether the exhaustion requirement in § 2241 cases may be waived." Jones, 495 F. Supp. 2d at 1297-98 (internal citations and quotations omitted).

administrative remedies are unavailable to prisoners detained past their release date. In sum, Petitioner has not met the burden of establishing "extraordinary circumstances" that would justify exempting him from the exhaustion requirement, and thus, his claims are not properly before this Court.[4] Fuller, 11 F.3d at 62.

In light of the Court's conclusion that Petitioner's claims are not properly before it, Petitioner's "Motion for Expedited Treatment" (doc. no. 3), in which he requests expedited review of his petition in light of his imminent statutory release date, should therefore be denied.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies and that Petitioner's "Motion for Expedited Treatment" (doc. no. 3) be **DENIED** as **MOOT**.

SO REPORTED and RECOMMENDED this 24th day of April, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]The Court notes, however, that even had Petitioner exhausted his administrative remedies as required, his claim is without merit. The Eleventh Circuit has made clear that administrative detention for short periods pending imminent deportation does not violate due process. See United States v. Noel, 231 F.3d 833, 837 (11th Cir. 2000) ("Deportation detentions do not serve to punish those detained, but merely to facilitate the deportation process." (citations omitted)).